**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MORTAZA NASSERIAN,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:04-CV-0599-P |
| ) | |
| **TOM RIDGE, et al.,** ) | |
| Respondents. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order filed on February 22, 2005, the District Court concluded that Petitioner was "in custody" for purposes of habeas corpus jurisdiction, and re-referred this action to the United States Magistrate Judge for further proceedings. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by an alien who is subject to an administratively final order of removal.[1]

Statement of Case: On September 9, 2002, an immigration judge (IJ) denied Petitioner's application for cancellation of removal as a battered spouse and granted voluntary departure. The Board of Immigration Appeals (BIA) affirmed the IJ's decision and dismissed the appeal on February 19, 2004. The instant petition followed. Petitioner requests that this court reverse the

---

[1] Respondents acknowledge that a final order of voluntary departure converts to an order of removal by operation of law if the alien fails to timely depart in accordance with the order. 8 C.F.R. § 1240.26(b)(3), (d). (Mot. to Dism. at 4 n. 4, citing the prior version at 240.26(c)(d)).

decisions of the IJ and BIA, and grant his application for cancellation of removal as a battered spouse.

On June 13, 2005, this court ordered the parties to file supplemental briefs addressing whether this court has subject matter jurisdiction in light of the enactment of the Real ID Act. On June 29, 2005, the parties filed a joint stipulation in support of transfer of the habeas corpus petition to the Court of Appeals for the Fifth Circuit.

<u>Findings and Conclusions:</u>  The Real ID Act of 2005, part of the "Emergency Supplemental Application Act for Defense, The Global War on Terror, and Tsunami Relief, 2005," P.L. 109-13, 2005 HR 1268, 119 Stat. 231, was enacted on May 11, 2005.  Section 106 of the REAL ID Act amends § 242(a) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252 (2000), by adding, *inter alia,* the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REAL ID Act § 106.

The Real ID Act also amends § 1252 to remove jurisdiction of the District Courts and transfers it to the Court of Appeals to review removal decisions:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of

> title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

Real ID Act, § 106. Upon transfer, the habeas petition is treated as if it had been originally filed as a petition for review.[2]

The parties agree that Petitioner's habeas corpus petition filed under § 2241 is covered by amended section 242(a). (See Joint Stipulation at 2). Accordingly, the court should transfer this case to the Fifth Circuit Court of Appeals and administratively close the matter in the district court.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court transfer this case to the United States Court of Appeals for the Fifth Circuit and administratively close this action as

---

[2] The plain text of section 106, read in conjunction with the provision governing effective date (quoted below), makes it plain that the exclusive jurisdiction provision is intended to apply to pending petitions under section 2241:
*2 (b) EFFECTIVE DATE.--The amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.

a pending case in this district.

A copy of this recommendation will be transmitted to counsel for Petitioner Mortaza Nasserian and to counsel for the government.

Signed this 11th day of July, 2005.

          WM. F. SANDERSON, JR.
          UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.